UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW PARHAM,

    Plaintiff,

v.                                      Case No. 1:21cv120-AW-HTC

LEVI BEVERIDGE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Sgt. Levi Beveridge's motion for summary judgment, with exhibits. ECF Doc. 35. Despite being given an opportunity to respond and being instructed on how to file a sufficient response, Plaintiff has not filed a response and his time for doing so has passed. ECF Doc. 36. Upon consideration, the undersigned finds no genuine issues of material fact exist and summary judgment is appropriate. Therefore, the undersigned recommends Sgt. Beveridge's motion for summary judgment be GRANTED.

**I.  BACKGROUND**

Parham, an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Desoto Correctional Institution Annex, files this excessive force suit against Sgt. Levi Beveridge, arising out of a use of force incident occurring

at Mayo Correctional Institution in August 2020.[1] In Parham's complaint, he states that his 14th and 8th amendment rights have been violated, that an "incident occurred" on August 21, 2020 at Mayo CI, while he was in confinement, that he suffered an injured shoulder, bruises and swelling, but received no medical attention, and that he seeks to "press charges on Defendants, loss of employment on Defendants, [and] $5,000,000 in money, punitives and other damages." ECF Doc. 1.

Parham does not set forth any facts in the body of the complaint about the incident. Instead, he pointed to a rejected grievance he had filed and which he attached as Exhibit A to the complaint. *Id.* at 5. In the grievance, Parham alleges on August 21, 2020, he declared a psychological emergency and was escorted back from medical by Sgt. Beveridge and Officer Holt. ECF Doc. 1-1. While being escorted in hand and leg restraints by Beveridge and Holt, he was "shoved against the wall" while they stopped for Holt to remove the leg irons. At that time, Sgt. Beveridge "became physical and slammed [Plaintiff] to the ground which now causes [Plaintiff] to be in pain and [have] multiple visible swellings." ECF Doc. 1-1.

---

[1] Parham also initially sued the FDOC; the FDOC was terminated on February 17, 2022. ECF Doc. 24.

Captain Williams denied the grievance because camera footage showed that Plaintiff attempted to "pull off the wall" and "turn on staff" and so the use of force was necessary. *Id.*

Neither the grievance nor the complaint was signed by Plaintiff under penalty of perjury.

On October 4, 2022, Sgt. Beveridge moved for summary judgment, ECF Doc. 35. The following day the Court entered an order instructing Plaintiff on his burden in opposing summary judgment and giving him 30 days to file that response. ECF Doc. 36. The order stated that Plaintiff "cannot rely upon mere allegations or bare legal conclusions; he must file sworn testimony, affidavits, or any other documents or evidentiary materials as required by Federal Rule of Civil Procedure 56 and Local Rule 56.1(C). . . nor can he simply rely upon the pleadings." *Id.* at 1-2. The Court specifically warned Parham, "**Plaintiff is further advised that if Plaintiff fails to file a response to the motion, the Court will consider the motion unopposed and may enter judgment in favor of the Defendant**." *Id.* at 5 (citing *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1368 (11th Cir. 2007)). Parham, however, did not respond to the motion.

## II.   LEGAL STANDARDS

A motion for summary judgment will result in a final judgment without trial or any further proceeding if the pleadings, sworn affidavits, and other evidentiary

materials properly filed in the record show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322-23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The motion for summary judgment may be resolved against a party without a hearing—and without further notice—at any time after the party has had an opportunity to file a memorandum and evidence under Local Rule 56.1. *See* N.D. Fla. Loc. R. 56.1(G).

## III.  DISCUSSION

Sgt. Beveridge argues he is entitled to judgment because the undisputed evidence shows he used only the amount of force necessary to maintain control of Plaintiff. ECF Doc. 35. To support his motion, Sgt. Beveridge relies upon the following evidence, attached to the motion: (1) the MINS Incident Report; (2) the Report of Force Used by Sgt. Beveridge; (3) Sgt. Beveridge's Use of Force Incident Report; (4) Officer Holt's Use of Force Incident Report; (5) an Emergency Room Record showing no serious injuries after the incident; and (6) the Disciplinary Report about the disturbance that preceded incident complained of in the grievance. ECF Docs. 35-1 to 35-6.

To establish a claim of excessive force, an inmate must present evidence to show that the force was applied "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline."

Case No. 1:21cv120-AW-HTC

*Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).  Courts evaluating claims of excessive force consider five factors "relevant to ascertaining whether force was used 'maliciously and sadistically for the very purpose of causing harm.'" *Campbell v. Sikes,* 169 F.3d 1353, 1375 (11th Cir.1999) (quoting *Whitley,* 475 U.S. at 321). These five factors are:

> (1) the extent of the injury;
> (2) the need for application of force;
> (3) the relationship between that need and the amount of force used;
> (4) any efforts made to temper the severity of a forceful response; and
> (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Id.*

Additionally, the use of force against an inmate while trying to secure the inmate or prevent harm to others "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Id*. at 1372.  Prison officers are given a wide range of deference when acting to preserve discipline and security, and "guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Cockrell v. Sparks,* 510 F.3d 1307, 1311 (11th Cir.2007).

The evidence presented by Sgt. Beveridge shows he did not use excessive force on Parham.  First, in the Report of Force Used, Sgt. Beveridge described the

incident as follows, "While removing leg restraints from Inmate Parham, he kicked at Officer Anthony Holt, necessitating the initial use of force by placing him against the wall, his continued resistance led to him being placed on the floor." ECF Doc. 35-2 at 1. Sgt. Beveridge executed the Report "[u]nder penalties of perjury." *Id.*

Similarly, in the Use of Force Incident Report Sgt. Beveridge stated, "I solemnly swear or affirm" that Plaintiff's conduct justified the use of force because Plaintiff "kicked at Officer Holt", "tensed and began to pull against my grasp", and so Sgt. Beveridge "to avoid a scuffle on the upper tier I then placed him on the floor and initiated ICS protocol." ECF Doc. 35-3. Officer Holt then replaced the leg restraint on Plaintiff and both of them used downward pressure to hold Plaintiff until two other officers arrived. *Id.* These sworn statements offered by Sgt. Beveridge show Sgt. Beveridge used only the force that was necessary to maintain control.

Although the Court cannot grant a summary judgment by default, *see United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) (requiring courts to consider the merits of the motion despite a failure to respond), the fact that Parham failed to respond to the motion here means Parham has failed to present any evidence to rebut the evidence presented by Sgt. Beveridge or to raise a question of material fact. Aside from Sgt. Beveridge's evidence, the only other information about the incident before the Court is what is contained in Plaintiff's complaint and grievance. However, as stated above, neither

Case No. 1:21cv120-AW-HTC

are verified. "Unsworn statements may not be considered by a district court in evaluating a motion for summary judgment." *Roy v. Ivy*, 2022 WL 17087823, at *5 (11th Cir. Nov. 21, 2022) (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). Thus, the Court may accept the unrebutted evidence filed by Sgt. Beveridge as true. *See Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Moreover, even were the Court to consider the allegations in the unverified complaint and grievance as evidence, the analysis would not change. While Plaintiff alleges in the grievance that Sgt. Beveridge "shoved" and "slammed" him to the ground, nowhere does Plaintiff allege facts from which a reasonable juror could infer Sgt. Beveridge's conduct was malicious or sadistic. Plaintiff's unverified allegations do not dispute Plaintiff kicked Officer Holt, that he tried to pull off the wall, or that he tensed up at staff. In fact, the grievance supports Sgt. Beveridge's position. In denying the grievance, Captain Williams wrote: "On this date you were involved in a use of force because of your own actions. Upon reviewing the cameras, I observed Sgt. Beverage attempt to hold you against the wall and several times you attempted to pull of the wall and attempted to turn on staff as leg irons were being removed. Sgt. Beveridge attempted to prevent the use of force by maintaining control of you by placing you against the wall." ECF Doc. 1-1 at 1.

Finally, the extent of injuries suffered by Parham also leads to a finding that no excessive force was used. As stated above, Parham alleges in the complaint he

suffered a shoulder injury and bruises. Parham does not describe the extent of those injuries. Defendant, on the other hand, submitted an Emergency Room Record, showing Parham had some "redness" on his left shoulder and neck, and a "small abrasion" on his elbow, with some bleeding. ECF Doc. 35-5 at 1. These injuries were minor and support a determination that the amount of force used was de minimis and not excessive. *See, e.g.*, *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) ("minimal amount of force and injury, as present in the facts of this case, will not defeat an officer's qualified immunity in an excessive force case").

Because Plaintiff has failed to present any evidence to show Sgt. Beveridge used excessive force against him, the undersigned finds Sgt. Beveridge is entitled to judgment.

Accordingly, it is respectfully RECOMMENDED that,

1. Sgt. Beveridge's Motion for Summary Judgment, ECF Doc. 35, be GRANTED.

2. The clerk be directed to enter final judgment on all claims in favor of Sgt. Beveridge.

3. The clerk be directed to close the case.

At Pensacola, Florida, this 5th day of December, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:21cv120-AW-HTC